UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRISTAN JAN SWOKOWSKI,

            Plaintiff,

    v.                                      Case No. 21-cv-0817-bhl

JOY BRIXIUS,

            Defendant.

---

## SCREENING ORDER

---

Plaintiff Tristan Jan Swokowski, who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983 alleging that his civil rights were violated. On October 27, 2021, the Court screened and dismissed the original complaint for failure to state a claim upon which relief could be granted, and it gave Swokowski an opportunity to file an amended complaint within 30 days of the date of the order. Dkt. No. 11. Swokowski filed an amended complaint on November 22, 2021. Dkt. No. 12. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### Screening of the Amended Complaint

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Swokowski states he was an inmate at the Manitowoc County Jail from January 2021 to August 2021. Dkt. No. 12 at 2. Swokowski alleges that during that time, Defendant Joy Brixius, a jail administrator, implemented a rule and/or policy that prevented legal material and discovery from being issued to inmates while they were in their assigned living units and instead "dictated when/where and with whom legal material could be viewed" by himself and the other inmates. *Id.* Swokowski is seeking monetary damages against Brixius. *Id.* at 3.

2

Case 2:21-cv-00817-BHL   Filed 01/03/22   Page 2 of 4   Document 13

ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Swokowski's allegations in his amended complaint invoke his rights under the First Amendment in an access-to-courts claim. "A prisoner states an access-to-courts claim when he alleges that even though he successfully got into court by filing a complaint or petition challenging his conviction, sentence, or conditions of confinement, his denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). The Seventh Circuit has emphasized that a plaintiff must point to "an actual or imminent injury—as opposed to a merely speculative future one . . .." *Id.* at 696–70. Additionally, "a prisoner's complaint must 'spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.'" *Ortiz v. Downey*, 561 F.3d 664, 670–71 (7th Cir. 2009) (quoting *Marshall*, 445 F.3d at 968).

In his amended complaint, Swokowski only alleges that he subjected to a policy Brixius put in place, which did not allow inmates to have access to legal materials in their cell and instead required them to view the legal materials in a specific place and time. Swokowski does not allege that he was denied access to his legal materials beyond the policy's general restrictions. Additionally, Swokowski does not allege that he suffered any injury or inability to file anything. Thus, even under the lenient standard used at the screening stage, the Court finds that Swokowski's allegations fail to state a claim. Therefore, Swokowski's amended complaint must be dismissed

3

because he has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim.**

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 3, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.